GARDEN, JUDGE:
On September 17, 1973, agents or employees of the Rehabilitation Environmental Action Program, commonly referred to as REAP, removed and confiscated a 1963 Ford Galaxie automobile from private property in the Town of Glendale, Marshall County, West Virginia. This automobile was owned by the claimant, Geneva Marie Burch, having been purchased by her on January 11, 1972, for the sum of $400.00. The automobile had been damaged in an accident sometime prior to September of 1973, and pending repairs, it had been parked on property owned by Mr. and Mrs. William Kinkes and with their permission. Mrs. Kinkes, who testified on behalf of the *160 claimant, indicated that it had been parked there for some eight or nine months before its removal.
REAP is a State agency created by the executive authority of the Governor of West Virginia pursuant to a contract with the Appalachian Regional Commission, a Federal Agency. The accomplishments of this agency since its inception in improving the environment in this State have been most noteworthy. However, we are constrained to point out that these noteworthy objectives must not and cannot be accomplished by taking private property without due process of law. If this automobile was an abandoned vehicle and was creating an environmental eyesore, REAP should have brought the matter to the attention of the law enforcement officials of the Town of Glendale or Marshall County, who, in turn, could have effected the automobile’s removal by following the provisions of Article 24, Chapter 17 of the Code-Disposal of Junk and Abandoned Vehicles. No representative of REAP appeared at the hearing to explain or justify the agency’s action in respect to this automobile, and we are of the opinion that an award should be made to the claimant.
The real problem presented in this claim is the determination of the proper amount of the award. No testimony was presented as to the fair market value of the automobile on the date of its conversion. However, under our Rules of Practice and Procedure, claimants are permitted to appear in this Court without counsel, and as a consequence, we have been liberal as to requiring proper proof of damages. The claimant in her Notice of Claim requested damages in the amount of $550.00 even though she paid only $400.00 for the automobile in January of 1972. Thereafter, she drove the automobile for about a year at which time it was damaged when the claimant lost control of the automobile, and it struck a retaining wall. It was thereafter removed to the Kinkes property where it remained for some eight or nine months until its demise on September 17, 1973. In further support of her damage claim, the claimant testified that certain parts for the repair of the automobile were in its trunk when the conversion took place, and that these parts had been purchased at a cost of $43.00.
After reviewing all of the evidence and the exhibits introduced at the hearing, we are of the opinion that an award of $150.00 will *161 adequately compensate the claimant for her loss.
Award of $150.00.